

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x
UNITED STATES OF AMERICA,

                Plaintiff,

            -against-

JUAN JOSE ARAUJO-SEVERINO,

                Defendant.
------------------------------------ x

ORDER

04 Crim. 837 (GBD)

GEORGE B. DANIELS, United States District Judge:

    Defendant moves for compassionate release pursuant to 18 U.S.C. § 3582.[1] (Letter dated May 6, 2020 ("Compassionate Release Letter"), ECF No. 30.) The Compassionate Release Letter was docketed on May 21, 2020 and this case was reassigned to this Court on May 28, 2020. The Government filed a letter in opposition to Defendant's motion on June 16, 2020. (Letter dated June 15, 2020 ("Gov't Opp'n"), ECF No. 33.)

    Defendant was sentenced to 78 months' imprisonment, after pleading guilty to illegal reentry into the United States after having been deported and previously convicted of a Class C Felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). (J. in a Crim. Case, ECF No. 14.) Of Defendant's 78-month sentence, he is serving 36 months consecutive to a New York State sentence of 7 to 21 years' imprisonment for manslaughter. (*Id.*; Gov't Opp'n at 2.) Defendant's projected release date is June 25, 2020, and there is an ICE detainer lodged against him. (Gov't Opp'n at 2.) The Government anticipates his removal from the United States upon release from BOP custody. (*Id.*) To succeed on his motion, Defendant must demonstrate "extraordinary and compelling reasons warrant[ing] such a reduction." 18 U.S.C. § 3582(c)(1)(A). Here, Defendant contends that the

---

[1] Defendant also relies on "4505(g)," but no such statute exists under Title 18 and this Court is unable to otherwise determine what statute Defendant could be referring to in his Compassionate Release Letter.

COVID-19 pandemic and his particular medical vulnerabilities to infection constitute extraordinary and compelling reasons for his release. Specifically, he notes that he is 52 years old and alleges that he suffers from a variety of medical conditions, including disability, high blood pressure, hypertension, "[c]hronic [a]sthma," and "heart [p]roblems." (Compassionate Release Letter.) Defendant has not demonstrated that any of his conditions render him particularly vulnerable to serious illness from COVID-19. See *Coronavirus Disease 2019 (COVID-19) – People Who Are at Higher Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited June 18, 2020). The CDC lists "moderate to severe asthma" and "serious heart conditions" among those medical conditions that may put individuals at high risk, but Defendant's medical records do not support classifying Defendant as suffering from those conditions. (*See* Gov't Opp'n at 5–6.) Further, Defendant has not sufficiently alleged that FCI Allenwood, where he is currently incarcerated, is unable to meet the risks posed by his medical concerns. Moreover, as the Government notes, there have been no reported cases of COVID-19 among the inmates at FCI Allenwood, and only one infected individual among the staff, who has since recovered. (Gov't Opp'n at 7.) In sum, Defendant has not demonstrated "extraordinary and compelling" circumstances, especially considering that he is scheduled to be released in one week's time. His request for compassionate release is therefore DENIED.

Dated: June 18, 2020
      New York, New York

SO ORDERED.

*/s/ George B. Daniels*
GEORGE B. DANIELS
United States District Judge